960 F.2d 150
 1992 O.S.H.D. (CCH) P 29,657
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Arnold SHARP, Plaintiff-Appellant,
v.
BIG ELK CREEK COAL COMPANY; Defendant,
Federal Mine Safety and Health Review Commission; Gary
Melick, Judge; George A. Koutras, Judge,
Defendants-Appellees.
 No. 91-6257.
 United States Court of Appeals, Sixth Circuit.
 April 16, 1992.
 
 Before KEITH and MILBURN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Arnold Sharp, a pro se Kentucky resident, appeals a district court order dismissing his action (involving the Federal Mine Safety and Health Act of 1977) for lack of jurisdiction. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Sharp filed a pro se complaint in the U.S. District Court for the Eastern District of Kentucky seeking one million dollars in damages against Big Elk Creek Coal Company (Coal Company), the Federal Mine Safety and Health Review Commission (Commission), and two of the Commission's administrative law judges (ALJ). Sharp's complaint dealt with two prior discrimination proceedings brought before the Commission pursuant to 30 U.S.C. § 815(c)(3) of the Federal Mine Safety and Health Act of 1977 (Act). Sharp alleged that ALJ Koutras assisted the Coal Company in wrongfully discharging him, that ALJ Melick accused him of bringing false claims in his proceedings before the Commission and that the Commission allowed the Coal Company to violate § 105(c)(3) of the Act.
 
 
 3
 Based on stipulations between Sharp and the Coal Company, the district court dismissed Sharp's cause of action against the Coal Company. The remaining defendants filed a motion to dismiss for lack of jurisdiction which was granted by the district court.
 
 
 4
 Sharp filed a timely notice of appeal. He asserts that the district court had jurisdiction to hear his action. Both parties have filed briefs.
 
 
 5
 Upon review, we conclude that the district court did not have jurisdiction to hear Sharp's action. See 30 U.S.C. § 816(a)(1). Sharp is merely seeking a review of the ALJs' decisions and the Commission's decisions not to grant discretionary review. Sharp should have filed his complaint in the United States Court of Appeals for the Sixth Circuit within the appropriate time period stated in § 816(a)(1), rather than in the U.S. District Court for the Eastern District of Kentucky. Therefore, the district court properly granted the defendants' motion to dismiss for lack of jurisdiction.
 
 
 6
 Accordingly, the judgment of the district court is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.